Christine Magarian, SBN 198762
**KAUFMAN DOLOWICH & VOLUCK LLP**
11111 Santa Monica Boulevard, Suite 850
Los Angeles, California 90025
Telephone: (310) 775-6511
Facsimile: (310) 575-9720
Email: cmagarian@kdvlaw.com

David T. Brown (*pro hac vice* admission pending)
Sarah Riedl Clark (*pro hac vice* admission pending)
Grace Delott (*pro hac vice* admission pending)
**KAUFMAN DOLOWICH & VOLUCK LLP**
30 N. LaSalle Street, Suite 1700
Chicago, Illinois 60602
Telephone: (312) 759-1400
Facsimile: (312) 759-0402
Email: dbrown@kdvlaw.com
Email: sarah.clark@kdvlaw.com
Email: grace.delott@kdvlaw.com

Attorneys for Defendant
LIBERTY SURPLUS INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| PSI SERVICES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY SURPLUS INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY**<br><br>**(Declaration of Grace Delott)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendant Liberty Surplus Insurance Company ("Liberty") hereby removes to this Court the state court action described below pursuant to 28 U.S.C. §§ 1441(b) and 1446, based on diversity of jurisdiction (28 U.S.C. § 1332). Removal is proper for the following reasons:

///

///

**STATE COURT PLEADINGS AND SERVICE**

1. Plaintiff PSI Service LLC ("Plaintiff") commenced this civil action on December 20, 2022, in the Superior Court of the State of California, County of Los Angeles, entitled *PSI Services LLC v. Liberty Surplus Insurance Corporation*, Case No. 22STCV39536. A true and correct copy of the Complaint is attached as Exhibit A. A true and correct copy of the Summons issued by the above-referenced state court is attached as Exhibit B. A true and correct copy of the Civil Case Cover Sheet is attached as Exhibit C. A true and correct copy of the Notice of Case Assignment is attached hereto as Exhibit D. A true and correct copy of the Notice of Case Management Conference is attached as Exhibit E. See Delott Decl. at ¶¶ 2-6 and Exs. A-E.

2. On February 21, 2023, Plaintiff served a copy of the Summons and Complaint on Liberty. See Delott Decl. at ¶ 7.

3. On February 22, 2023, Plaintiff's agent for service executed a Proof of Service Summons, a true and correct copy of which is attached hereto as Exhibit F. See Delott Decl. at ¶ 8 and Ex. F.

4. Liberty did not file a responsive pleading prior to filing this Notice of Removal, such that its responsive pleading is due on or before March 28, 2023, pursuant to FED. R. CIV. P. 81(c)(2)(C).

5. The documents attached as Exhibits A-F constitute all pleadings, process, and orders from the state court action. See Delott Decl. at ¶ 9.

**TIMELINESS OF REMOVAL**

6. This Notice of Removal is timely because it is being filed within 30 days of service on Liberty of the Complaint on February 21, 2022. See 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.") See also, Delott Decl. at ¶ 7.

///

**JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

7. The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Plaintiff seeks to recover in this action under a Tech Insure Technology and Miscellaneous Professional Liability & Privacy and Network Security Insurance Policy ("Policy") with a $10,000,000 limit of liability. See Compl. attached to Delott Decl. at Ex. A, ¶¶ 8-9. Plaintiff seeks to recover an amount exceeding the $75,000 amount in controversy, alleging it "incurred unreimbursed loss substantially in excess of the $250,000 self-insured retention." Delott Decl. at Ex. A, ¶ 38. In addition, Plaintiff seeks compensatory damages, attorneys' fees, and punitive damages. See Compl. attached to Delott Decl. at Ex. A, ¶ 55. Therefore, the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Complete diversity exists in that:

(a) Defendant Liberty is a corporation, incorporated under the laws of the State of New Hampshire with its principal place of business in Massachusetts at the time of filing this Notice of Removal and was incorporated under the laws of the State of New Hampshire with its principal place of business in Massachusetts at the time Plaintiff filed the Complaint. See Delott Decl. at Exh. L. Therefore, Liberty is a citizen of both New Hampshire and Massachusetts and was a citizen of both New Hampshire and Massachusetts at the time Plaintiff filed the Complaint.

(b) Upon information and belief, at the time Plaintiff filed the Complaint and at the time Liberty filed this Notice of Removal, Plaintiff PSI Services LLC was a limited liability company, and the citizenship of all of its members was completely diverse to Liberty.

(c) Pursuant to the Ninth Circuit's decision in *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F. 3d 1082, 1087 (9th Cir. 2014), the removing party need

not affirmatively plead the citizenship of an opposing party limited liability company where the removing party demonstrates "unusual circumstances," including where "the information necessary to establish the diversity of the parties' citizenship was within the [opposing party's] control…." Under such circumstances, the removing party is "excused from the general requirement that it must plead diversity affirmatively and on knowledge." *Id.*; *see also Ehrman v. Cox Comms., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (citing *Team Equip., Inc.*, for rule that "a defendant's allegations of citizenship may be based solely on information and belief").

(d) Counsel for Liberty exhausted every available public resource in an effort to identify the members of PSI Services LLC, including searching the Secretary of State for all fifty states, PACER filings, corporate search functions within Westlaw, OpenCorporates.com, and Google. See Delott Decl. at ¶¶ 10-11. Following that exhaustive search, counsel for Liberty was only able to identify information that PSI Services LLC is organized under the laws of the State of Delaware, maintains a principal place of business in California, and Lifelong Learner Holdings, LLC is a Manager and/or Member. Delaware does not require limited liability companies organized under Delaware law to identify their members when filing organizing documents. See Delott Decl. at ¶ 11; see also Del. C. § 18-201.

(e) Counsel for Liberty exhausted every available public resource in an effort to identify the members of member company Lifelong Learner Holdings, LLC, including searching the Secretary of State for all fifty states, PACER filings, corporate search functions within Westlaw, OpenCorporates.com, and Google. See Delott Decl. at ¶¶ 13-14. Following that exhaustive search, with respect to Lifelong Learner Holdings, LLC, counsel for Liberty was able to identify that it is organized under the laws of the State of Delaware, maintains a principal place of business in

California, and Lifelong Learner Intermediate Holdings, LLC is a Manager and/or Member.

(f) Counsel for Liberty exhausted every available public resource in an effort to identify the members of Lifelong Learner Intermediate Holdings, LLC, including searching the Secretary of State for all fifty states, PACER filings, corporate search functions within Westlaw, OpenCorporates.com, and Google. See Delott Decl. at ¶¶ 15-16. Following that exhaustive search, with respect to Lifelong Learner Intermediate Holdings, LLC, counsel for Liberty was only able to identify that Lifelong Learner Intermediate Holdings, LLC is organized under the laws of the State of Delaware.

(g) Counsel for Liberty also reviewed pleadings filed by PSI Services, LLC, Lifelong Learner Holdings, LLC, Lifelong Intermediate Holdings, LLC, and Lifelong Enterprises, LLC on PACER; however, none of the filed documents properly identified citizenship of members for any of the limited liability companies. See Delott Decl. at ¶¶ 10, 13, 15.

(h) Based on the lack of publicly available information regarding the members of each of these respective limited liability companies from which to determine citizenship, upon information and belief, such information is within the unique possession and control of Plaintiff. Therefore, under binding Ninth Circuit precedent and the foregoing unusual circumstances, Liberty may be excused from the general requirement that it must plead diversity affirmatively and on knowledge.

(i) Recent amendments to FED. R. CIV. P. 7.1 requiring a limited liability company to disclose the citizenship of all of its members also contemplates that one party to litigation may not by privy to the citizenship information of an opposing limited liability company such that the enhanced disclosure requirements of Rule 7.1 will allow for resolution of the citizenship question of Plaintiff promptly in this action. The committee comments to the revised Rule 7.1 include the following:

> A party suing an LLC may not have all the information it needs to plead the LLC's citizenship. The same difficulty may arise with respect to other forms of noncorporate entities, some of them familiar--such as partnerships and limited partnerships--and some of them more exotic, such as "joint ventures." Pleading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship. Disclosure is required by a plaintiff as well as all other parties and intervenors.

*See* Advisory Committee's Notes to 2022 Amendment to FED. R. CIV. P. 7.1. Thus, because PSI Services LLC is required – in the first instance – to file its Rule 7.1 disclosure identifying the citizenship of all of its members, Liberty's inability to identify the citizenship of each of PSI Services LLC's members after an exhaustive search should be resolved promptly for the Court.

## VENUE

10. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because the state court action was filed in Los Angeles County.

## NOTICE OF REMOVAL

11. Notice of this removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

## PRAYER FOR REMOVAL

WHEREFORE, Defendant Liberty Surplus Insurance Company hereby requests that this action now pending in the Superior Court of the State of California for the County of Los Angeles be removed directly to the United States District Court for the Central District, pursuant to 28 U.S.C. § 1441(b).

///

///

Dated: March 21, 2023

KAUFMAN DOLOWICH & VOLUCK LLP

By:______________________________

CHRISTINE MAGARIAN
Attorneys for Defendant
LIBERTY SURPLUS INSURANCE COMPANY

4893-9784-4823, v. 1

**DECLARATION OF GRACE DELOTT**

I, GRACE DELOTT, declare:

1. I am an attorney at law licensed to practice before all courts in the State of Illinois. I am an Associate at the law firm of Kaufman Dolowich & Voluck, LLP. I am one of the attorneys who is representing Defendant Liberty Surplus Insurance Company ("Liberty") in the civil action entitled *PSI Services LLC v. Liberty Surplus Insurance Company*, Los Angeles County Superior Court Case No. 22STCV39536. I make this declaration based on my personal knowledge, and if called as a witness, I could and would testify to the following which I have personal knowledge of.

2. A true and correct copy of the Complaint is attached as Exhibit A.

3. A true and correct copy of the Summons is attached as Exhibit B.

4. A true and correct copy of the Civil Case Cover Sheet is attached as Exhibit C.

5. A true and correct copy of the Notice of Case Assignment is attached hereto as Exhibit D.

6. A true and correct copy of the Notice of Case Management Conference is attached as Exhibit E.

7. Plaintiff served the Complaint and Summons on Liberty on February 21, 2023.

8. On February 22, 2023, Plaintiff's agent for service executed a Proof of Service Summons. A true and correct copy is attached as Exhibit F.

9. The documents attached hereto as Exhibits A-F constitute all pleadings, process, and orders from the state court action. Defendants have not served or received any other pleadings or papers in this action.

10. I searched every known and available public resource in an effort to identify the members of PSI Services LLC, including searching the Secretary of State for all fifty states, PACER filings, corporate search functions within Westlaw, OpenCorporates.com, and Google. A true and correct copy of corporate information

for PSI Services LLC (obtained from the California Secretary of State's website) is attached as Exhibit G.

11. In addition, I ordered copies of all available documents for PSI Services LLC from the Delaware Secretary of State. A true and correct copy of corporate information for PSI Services LLC is attached as Exhibit H. Based on discussions with representatives of the Delaware Secretary of State, Delaware does not require limited liability companies organized under Delaware law to identify their members when filing organizing documents.

12. I identified no information indicating that any of PSI Services LLC's members are citizens of either New Hampshire or Massachusetts.

13. With respect to Lifelong Learner Holdings, LLC, I searched every known and available public resource in an effort to identify its members, including searching the Secretary of State for all fifty states, PACER filings, corporate search functions within Westlaw, OpenCorporates.com, and Google. A true and correct copy of corporate information (obtained from the California Secretary of State's website) for Lifelong Learner Holdings is attached as Exhibit I.

14. In addition, I ordered copies of all available documents for Lifelong Learner Holdings, LLC from the Delaware Secretary of State. A true and correct copy of corporate information for PSI Services LLC (ordered from the Delaware Secretary of State) is attached as Exhibit J.

15. With respect to Lifelong Learner Intermediate Holdings, LLC, I searched every known and available public resource in an effort to identify its members, including searching the Secretary of State for all fifty states, PACER filings, corporate search functions within Westlaw, OpenCorporates.com, and Google.

16. In addition, I ordered copies of all available documents for Lifelong Learner Intermediate Holdings, LLC from the Delaware Secretary of State. A true and correct copy of corporate information (ordered from the Delaware Secretary of

State) for Lifelong Learner Intermediate Holdings, LLC is attached as Exhibit K.

17. A true and correct copy of Liberty's FED. R. CIV. P. 7.1 Disclosure Statement is attached as Exhibit L.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 21, 2023, at Chicago, Illinois.

*/s/ Grace Delott*
GRACE DELOTT

4888-3037-3718, v. 2

# PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in Los Angeles County. My business address is 11111 Santa Monica Blvd., Suite 850, Los Angeles, CA 90025, where this mailing occurred. I am over the age of 18 years and am not a party to this cause. I am readily familiar with the practices of KAUFMAN DOLOWICH & VOLUCK LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On March 21, 2023, I served the foregoing documents on the interested parties in this action entitled as follows:

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY; DECLARATION OF GRACE DELOTT**

[XX] by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[XX] (**BY MAIL**) I placed such envelope for collection and mailing on this date following ordinary business practices.

[ ] (**BY PERSONAL SERVICE**) I caused to be hand delivered such envelope to the addressee so indicated.

[ ] (**BY E-MAIL ELECTRONIC TRANSMISSION**) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated on the attached list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was incomplete or unsuccessful.

[ ] (**BY FEDEX**) I am "readily familiar with the firm's practice of collection and processing correspondence for mailing via Express Mail (or another method of delivery providing for overnight delivery pursuant to *C.C.P.* § 1005(b)). Under that practice, it would be deposited with the United States Postal Service or other overnight delivery carrier (in this case, FedEx) on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ] (**BY FACSIMILE**) I caused to be served, via facsimile, the above-entitled document(s) to the office of the addressee so indicated.

[ ] (**STATE**) I declare under penalty of perjury that the foregoing is true and correct.

[XX] (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this court at whose direction the services was made.

Executed on March 21, 2023, at Los Angeles, California.

*<u>/s/ Susan Carty</u>*
Susan Carty

**SERVICE LIST**
***PSI Services LLC v. Liberty Surplus Insurance Corporation***
***LASC-Central District, Case No.* 22STCV39536**

| | |
|---|---|
| Drew T. Gardiner, Esq.<br>John Niemeyer, Esq.<br>Latham & Watkins LLP<br>12670 High Bluff Drive<br>San Diego, California 92130<br>Phone: (858) 523-5400<br>Fax: (858) 523-5450<br>Email: drew.gardiner@lw.com; john.niemeyer@lw.com<br><br>**Attorneys for Plaintiff PSI SERVICES LLC** | |

4885-4123-7592, v. 1